IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17 C 5705 |
| | ) | |
| STELLAR MGMT. GRP. IV and BUTTERBALL LLC, | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON DEFENDANTS' MOTIONS TO DISMISS

Based on diversity jurisdiction, defendants Butterball LLC and Stellar Management Group IV, Inc. removed Kimberly Johnson's suit to this court from state court. Stellar, a labor supply company, goes by the name QSI. Johnson was employed for QSI and was assigned to work as a clerk at a Butterball plant. She alleges that the plant manager and co-workers subjected her to physical and verbal harassment based on her gender. Johnson asserts against both defendants claims under the Illinois Gender Violence Act (IGVA) and for negligent hiring, supervision, and retention under Illinois law. The defendants have moved to dismiss for failure to state a claim.

1. The Court dismisses Count 1, Johnson's claim under the IGVA, based upon its decision in *Fayfar v. CR Mgmt.-IL, LLC*, No. 12 C 3013, 2012 WL 6062663 (N.D. Ill. Nov. 4, 2012). The Court concluded in *Fayfar* that the wording of the IGVA allows a claim only against the individual(s) who engaged in conduct covered by the Act, not against their employer based on the doctrine of *respondeat superior* or otherwise. The Court believes that its decision in *Fayfar* was and is correct.

2. The Court denies defendants' request to dismiss Count 2, Johnson's common law claims, on the ground that they are preempted by the Illinois Human Rights Act (IHRA). Each of these claims arises from legal duties independent of duties imposed under the IHRA. *See Fuesting v. Uline, Inc.*, 30 F. Supp. 3d 739, 745-46 (N.D. Ill. 2014); *Ishkanian v. Forrester Clinic S.C.*, No. 02 C 9339, 2003 WL 21479072, at *3-4 (N.D. Ill. June 25, 2003) (Kennelly, J.); *Bartoli v. Applebee's Restaurant*, No. 00 C 5954, 2001 WL 40798, at *2 (N.D. Ill. Jan. 17, 2001). *See generally Richards v. U.S. Steel*, 869 F.3d 557, 564 n.2 (7th Cir. 2017).

3. The Court also concludes that Johnson has stated a claim for negligent hiring against Butterball, which is alleged to have hired and employed the workers who subjected Johnson to physical and verbal harassment. The Court does not read Johnson's claim as premised only on a general duty to investigate, and thus even if Illinois law does not permit a claim with only that basis it would not entitle Butterball to dismissal of this claim, let alone Johnson's claims for negligent retention and supervision.

Defendants are directed to answer Count 2 by 10/10/2017. The case remains set for the initial status hearing on 10/3/2017 at 9:00 a.m. as previously ordered.

Date: October 1, 2017

_____
MATTHEW F. KENNELLY
United States District Court